# PROVIDENCE COUNTY.

———◆———

PEARCE, LARKIN & COMPANY *vs.* JOSEPH CURRAN *et als.*

Two breaches were made of a bail bond.  The creditor plaintiff brought an action of debt, alleging the second breach.

*Held,* that the statute of limitations against an action on the bond began to run at the time of the first breach, whether the creditor did or did not know of such breach, there being no fraud nor concealment to prevent the creditor obtaining knowledge of the breach.

EXCEPTIONS to the Court of Common Pleas.

*March* 31, 1886. PER CURIAM. This is an action of debt upon a bond given for the liberty of the jail-yard. The defendants plead in bar the special statute of limitation, Pub. Stat. R. I. cap. 225, § 9, which provides that no action shall be maintained for the breach of any such bond unless brought within one year after the breach shall have been committed, alleging in their plea that the debtor committed an escape in not making an assignment, or rendering himself to the jailer, within thirty days after the date of the bond, and that the action was not commenced within a year after the escape. The plaintiffs replied that they did not know of the escape alleged, and that they found their action on another escape committed by the debtor by going off the limits into the State of Massachusetts, which latter escape was committed within one year before the commencement of the action. The defendants demurred to the replication. The question is whether the statute began to run, so as to bar the action, when the first escape was committed.

We are of the opinion that it did. The case of *Brown* v. *Houdlette et al.* 10 Me. 399, is precisely in point. It was there held that when a bond is given for the liberty of the jail-yard, of which there are two breaches at different times, the statute begins to run at the time of the first breach, the amount recoverable for the first being the same as for both breaches. We do not see how there can be any question about the correctness of this decision. We do not see how the mere fact that the plaintiffs did not know

of the first breach can prevent the running of the statute, inasmuch as they could readily have known it by inquiry at the jail. The case does not fall within the class of cases in which the running of the statute has sometimes been held to be avoided by the fraud or concealment of the debtor.      *Exceptions overruled.*

*Edwin D. McGuinness*, for plaintiffs.

*John P. Gregory*, for defendants,